UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC DRAKE, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-1436-B |
| | § | |
| GARY FITZSIMMONS, OFFICE OF | § | |
| COURT ADMINISTRATION, | § | |
| MARTIN HOFFMAN, MELVIN | § | |
| KENT SIMS, ROBERT BURNS, | § | |
| LORRAINE RAGGIO, LISA D. | § | |
| HULL, and LIBERTY MUTUAL | § | |
| AUTOMOTIVE INSURANCE CO., | § | |
| | § | |
|    Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Liberty Mutual Insurance Company's ("Liberty Mutual") Motion to Dismiss (doc. 16). For the reasons that follow, Liberty Mutual's Motion to Dismiss is **GRANTED with prejudice**.

## I.

## BACKGROUND[1]

Plaintiff Eric Drake filed this lawsuit[2] asserting that he was wrongfully declared a vexatious

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's Complaint (doc. 1). *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a motion to dismiss pursuant to Rule 12(b)(6), "all facts pleaded in the complaint must be taken as true.").

[2] The Original Complaint was filed in the Western District of Texas, Waco Division and subsequently transferred to this Court in the Northern District of Texas, Dallas Division, on April 23, 2012 (doc. 3).

litigant in 2004 by Judge Melvin Kent Sims and again in 2006 by Judge Martin Hoffman.[3] The underlying litigation in which Drake was declared a vexatious litigant stemmed from an alleged motor vehicle accident in 2004 involving Drake and non-party Alice Andrews. Since that accident, Drake has brought numerous actions in both state and federal courts based on the accident. *See* doc. 11, Hull Mot. Dism 1-3. His filings led to court orders labeling him a vexatious litigant. *See id.* In this case, Drake alleges that all Defendants contributed to him being wrongfully labeled as a vexatious litigant.

Since filing the present suit, Drake has moved to voluntarily dismiss his claims against all Defendants without prejudice (doc. 31). Only Liberty Mutual objected (doc. 40) to dismissal without prejudice and requested that the Court consider its pending Motion to Dismiss Drake's claims with prejudice. Via separate order (doc. 42), the Court granted in part Drake's motion to voluntarily dismiss his claims without prejudice as to all Defendants except Liberty Mutual. The Court now considers Liberty Mutual's Motion to Dismiss (doc. 16).

Liberty Mutual filed its Motion to Dismiss (doc. 16) on September 7, 2012. Drake failed to respond to Liberty Mutual's Motion to Dismiss or seek any extension of time to respond. Therefore, Liberty Mutual's Motion to Dismiss is ripe for consideration.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[3] The Complaint fails to allege certain dates for these allegedly wrongful declarations by Judges Sims and Hoffman.

8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. Rule Civ. P. 8(a)(2)).

## III.

## ANALYSIS

In his Original Complaint (doc. 1), Drake brings numerous claims related to his alleged wrongful designation as a vexatious litigant. Here, the Court need only consider those claims asserted against Liberty Mutual. Drake, either directly or indirectly, makes the following claims against Liberty Mutual: (1) race discrimination in violation of 42 U.S.C. § 1981; (2) race discrimination in violation of 42 U.S.C. § 1983; (3) abuse of process; (4) negligence; (5) conspiracy to commit fraud;

and (6) intentional infliction of emotional distress.

The Court first will consider Liberty Mutual's statute of limitations defense raised in its Motion to Dismiss. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). "Although defendants bear the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings make clear that a claim is barred, dismissal under Rule 12(b)(6) may be granted." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 686 (E.D. Tex. 2009) (quoting *In re Dynegy, Inc. Secs. Litig.*, 339 F. Supp. 2d 804, 819 (S.D. Tex. 2004)).

The Court must determine the applicable statute of limitations and accrual date for each cause of action asserted against Liberty Mutual. "Federal civil rights actions instituted in Texas, such as those brought pursuant to 42 U.S.C. §§ 1981, 1983, . . . are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)." *Eber v. Harris Cnty. Hosp. Dist.*, 130 F. Supp. 2d 847, 870 (S.D. Tex. 2001); *see also Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008). The statute of limitations for Drake's abuse of process, negligence, and intentional infliction of emotional distress claims is two years. *Internet Corporativo S.A. de C.V. v. Bus. Software Alliance, Inc.*, CIV.A. H-04-2322, 2004 WL 3331843, at *8 (S.D. Tex. Nov. 15, 2004) (two year statute of limitations for abuse of process claim); *Doe v. Catholic Diocese of El Paso*, 362 S.W.3d 707, 717 (Tex. App.–El Paso 2011, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) for two year statute of limitations for negligence and intentional infliction of emotional distress in Texas). The statute of limitations for fraud in Texas is four years. *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 566 (5th Cir. 2001); Tex. Civ. Prac.

& Rem. Code Ann. § 16.004(a).

"Although, under §§ 1981 and 1982, state law governs the substantive limitations period, federal law determines when the period accrues." *In re Monumental Life Ins. Co.*, 365 F.3d 408, 420 (5th Cir. 2004). Under federal law "[t]he limitations period begins to run when the plaintiff 'becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002) (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987)). For claims under Texas law:

> a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy. In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur.

*Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003).

Here, Drake alleges that Liberty Mutual played an unspecified role in Drake's designation as a vexatious litigant in 2004 and 2006. Pl. Comp. 11. Liberty Mutual's latest alleged act or omission occurred in 2006. *Id.* Under both Texas and federal law, Drake's causes of action against Liberty Mutual accrued at the latest in 2006 because that is when Drake became "aware that he ha[d] suffered an injury," *Hitt*, 301 F.3d at 246, and when "the facts [came] into existence" authorizing Drake to seek a judicial remedy, *Knott*, 128 S.W.3d at 221. Drake's Complaint does not allege a specific date for the declaration in either 2004 or 2006. Even assuming the 2006 declaration occurred at the end of 2006, the claims with a two year statute of limitations expired at the end of 2008. The fraud claim, governed by the four year statute of limitations, expired at the end of 2010 at best. Drake filed his Original Complaint in this action on April 19, 2012. Doc. 1, Orig. Comp. Thus, the statute of limitations has run for each of his claims, and, unless he can "raise some basis for tolling

or the like," his claims must be dismissed. *Jones*, 339 F.3d at 366.

Drake did not respond to Liberty Mutual's Motion to Dismiss, but Drake did respond to Defendant Lisa D. Hull's Motion to Dismiss (doc. 19).[4] In that Response, Drake squarely addresses the statute of limitations defense and makes two separate arguments for tolling limitations. First, Drake argues that "in May of 2005 the Plaintiff suffered a near fatal automobile accident that has left him with permanent brain damage. Thus the Plaintiff is eligible for equitable tolling." Doc. 19, Pl. Resp. 8. Second, Drake argues that his causes of action were tolled while the "matter with Andrews was in the appellate courts from 2007 to 2011." *Id.*

Federal courts refer to state law with regard to tolling statutes of limitations. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). Federal courts have sparingly "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Veterans Admin.*, 498 U.S. 89, 96 (1990). Here, Drake has not alleged that he filed a defective pleading within the limitations period nor that he was tricked by Defendants into allowing the deadline to pass. Thus, the doctrine of equitable tolling does not apply to Drake's claims.

Drake does not cite any authority to toll the statute of limitations in this case, but instead mentions a permanent brain injury stemming from a 2005 car accident unrelated to the underlying claims. The Court will therefore analyze whether the statute of limitations may have been tolled due to disability. "Texas law provides that if 'a person is under a legal disability,' such as if he is 'of

---

[4] Hull's Motion to Dismiss (doc. 11) has not been ruled upon due to her subsequent agreement to the Plaintiff's Motion for Nonsuit.

unsound mind,' 'when the cause of action accrues, the time of the disability is not included in a limitations period.'" *Vieyra v. Harris Cnty.*, CIV.A. 10-CV-1412, 2010 WL 4791518, at *4 (S.D. Tex. Nov. 17, 2010) (quoting Tex. Civ. Prac. & Rem.Code § 16.001 (Vernon's 2002)). "Generally, persons of unsound mind and insane persons are synonymous." *Freeman v. American Motorists Ins. Co.*, 53 S.W.3d 710, 713 (Tex.App.-Houston [1st Dist.] 2001, no pet.). "The disability exclusion protects those plaintiffs who lack access to the courts or are unable 'to participate in, control, or even understand the progression and disposition of their lawsuit.'" *Bowman v. Sandofi-Aventis U.S.*, A-09-CA-192-SS, 2009 WL 5083435, at *2 (W.D. Tex. Dec. 10, 2009) (quoting *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex. 1993)).

In his response, Drake has only alleged that he "has permanent brain damage" from the car accident in 2005. Doc. 19, Pl. Resp. 8. To properly allege he was of "unsound mind," Drake must demonstrate he was mentally disabled to the point that he lacked access to the courts. *See Bowman*, 2009 WL 5083435, at *2. The very basis of the present lawsuit, Drake's being declared a vexatious litigant while appearing in state court, proves that in 2006 Drake had sufficient mental capacity to access the courts. Thus, the Court concludes that Drake's brain injury from the 2005 car accident does not rise to the level of "unsound mind" to toll the statute of limitations.

Drake alternatively requests tolling of the statute of limitations because the initial action against Andrews for the 2004 car accident was "in the appellate courts from 2007 to 2011" and thus the statute of limitation for the present action was tolled until 2011. Doc. 19, Pl. Resp. 8. Drake offers no further specifics as to what "appellate courts" were handling the Andrews matter, nor does he direct the Court to any authority to support his position. Upon its own research, the Court finds no authority to support Drake's position.

The Court concludes the statute of limitations has not been tolled and that by December 31, 2010 the statute of limitations had run as to all of Drake's claims asserted against Liberty Mutual. Because Drake did not file his Original Complaint in this suit until April 19, 2012, dismissal is appropriate. The Court need not address Liberty Mutual's other arguments for dismissal.

## IV.

## CONCLUSION

For the reasons stated above, Liberty Mutual's Motion to Dismiss (doc. 16) is hereby **GRANTED**. In light of the futility of repleading to cure the statute of limitations deficiency, this case is **DISMISSED with prejudice** against Liberty Mutual.

**SO ORDERED.**

**SIGNED: March 1, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE